**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW CORZINE, | No. 14-15242 |
| Petitioner - Appellant, | D.C. No. 3:13-cv-00119-MMD-VPC |
| v. | |
| RENEE BAKER; NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted March 18, 2016
San Francisco, California

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

Pursuant to a certificate of appealability granted by the district court,

Matthew Corzine appeals from the district court's denial of his federal habeas

petition on untimeliness grounds. *See* 28 U.S.C. § 2254(d). We vacate and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

remand.[1]

In January 2005, Corzine called the Las Vegas police department and confessed to sexually assaulting his then-wife on multiple occasions. Corzine's then-wife subsequently confirmed the assaults and later offered testimony in a preliminary hearing against Corzine. Corzine eventually pled guilty to five counts of attempted sexual assault.[2]

Several years later, and long after the relevant statute of limitations had expired, Corzine filed the instant federal habeas petition. He argued that he had new evidence that would demonstrate that he was actually innocent and that would therefore allow his federal habeas claims to be adjudicated on the merits despite

---

[1] We take judicial notice of the state court record in this case. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979))). We deny Corzine's motion to expand the record on appeal to include Documents 84-86 in Volume 5 of Appellant's excerpts of record because these records are unnecessary to our decision.

[2] Contrary to the State's argument, a guilty plea does not foreclose the possibility of accessing the *Schlup* gateway. *See Jaramillo v. Stewart*, 340 F.3d 877, 878, 883-84 (9th Cir. 2003) (considering a *Schlup* actual innocence claim by a habeas petitioner who had originally pled guilty and remanding to the district court for an evidentiary hearing).

their untimeliness. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). Corzine's new evidence consists of military medical records that he claims corroborate his story that he offered a false confession following a severe beating he suffered at the hands of his military unit. He asserts that he falsely confessed to sexually assaulting his then-wife, and encouraged her to testify falsely as well, in the hope that the police would arrest him, thus keeping him safe from his abusive military unit.

In order to access the *Schlup* gateway and have his habeas claims adjudicated on the merits, Corzine must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. To evaluate Corzine's claim, a "habeas court must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *House v. Bell*, 547 U.S. 518, 537-38 (2006) (quoting *Schlup*, 513 U.S. at 327-28).

The Supreme Court has been unequivocal in its instruction that a habeas court must consider the entire record in a *Schlup* inquiry. Here, the district court could not have followed this mandate because it simply did not have the full state

court record before it.[3]   "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."   *Am. President Lines, Ltd. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div., Unit 60*, 721 F.3d 1147, 1157 (9th Cir. 2013) (quoting *Singleton v. Wulff,* 428 U.S. 106, 120 (1976)).   Because the district court has not yet ruled on Corzine's *Schlup* claim in light of the full record, we remand for it to have an opportunity to do so.   We leave it to the district court to determine in the first instance whether, after reviewing the entire record, an evidentiary hearing is warranted.

Each party shall bear its own costs on appeal.

VACATED and REMANDED.

---

[3] The only documents that the district court had before it were: (1) Corzine's new evidence—military medical records that seem to show that on January 24, 2005, he was hospitalized with numerous injuries consistent with his account that he had been beaten by members of his unit; (2) seven pages from the significantly longer state-court sentencing transcript; and (3) a copy of his pro se state court motion to withdraw his guilty plea, in which he argued that his confession was the result of having been beaten and tortured by his unit and that he was in fact innocent of the crimes.